No. 67,138

IN THE MATTER OF MALCOLM L. COPELAND, *Respondent.*

(823 P.2d 802)

Opinion filed January 17, 1992.

*Paula B. Martin*, deputy disciplinary administrator, argued the cause, and *Bruce E. Miller*, disciplinary administrator, was with her on the formal complaint for the petitioner.

*Michael A. Barbara*, of Topeka, argued the cause for respondent. *Malcolm L. Copeland* appeared pro se.

*Per Curiam:* This is an original proceeding in discipline filed by the disciplinary administrator against Malcolm L. Copeland of Topeka, an attorney admitted to the practice of law in Kansas. The facts, as determined by the hearing panel of the Kansas Board for the Discipline of Attorneys (the panel), are not disputed.

The complaints against Copeland are set out herein.

Catherine L. Ferguson died testate on November 21, 1988. Her will left all of her property, both real and personal, to her sister-in-law Hazel C. Ferguson, and named Doral H. Hawks as executor.

Hazel C. Ferguson met with Copeland on January 17, 1989, and retained him to probate the will. At this meeting, Ferguson gave the will to Copeland. Kansas law requires that a petition for probate be filed within six months of the date of death. K.S.A. 1990 Supp. 59-617.

Copeland did not file the petition for probate of will and issuance of letters testamentary until August 27, 1990, 21 months after Catherine L. Ferguson's death. In the petition, Copeland falsely stated that the will had been lost and only discovered recently.

The notice of hearing and notice to creditors that was caused to be published by Copeland inaccurately identified Hazel C. Ferguson as an heir and executrix.

Mertle Marie Miller, a cousin and heir of the decedent, filed an answer and written defenses to the petition. Miller also filed

a petition for determination of descent, stating that she and Margarete Bensen, another cousin, were the only heirs of Catherine L. Ferguson. A decree of descent was entered by the Shawnee County District Court, assigning all property owned by Catherine L. Ferguson to Miller and Bensen, in equal shares, as the sole heirs at law.

The actions of respondent deprived Hazel C. Ferguson of the property under the will.

The panel concluded by clear and convincing evidence that Copeland violated the following:

"Findings of Fact

. . . .

"2. The Panel finds that Respondent violated MRPC 1.1 [1991 Kan. Ct. R. Annot. 228] and MRPC 1.3 [1991 Kan. Ct. R. Annot. 232] by failing to file in a timely fashion the Petition for Probate of the estate of [Catherine] L. Ferguson, Deceased.

"3. The panel finds that Respondent violated MRPC 3.1 [1991 Kan. Ct. R. Annot. 273] and 3.3 [1991 Kan. Ct. R. Annot. 275] by stating in the Probate Petition there was a lost will, when in fact, it was not lost."

The panel stated:

"Respondent cooperated with the Disciplinary Administrator's Office and produced evidence in support of mitigation of discipline in this matter which included:

"1. Evidence that he was under the care and treatment of Gail Gunter Smith, a licensed specialist clinical social worker, [for alcohol-related problems];

"2. Evidence that he has participated actively in therapy for this condition, continues to participate and comply with the therapist, and has a good prognosis for change in his behavior patterns;

"3. Evidence that he made complete restitution to his former client, Hazel C. Ferguson;

"4. Evidence that he has instituted a tickler system in his office to assure that deadlines are met in his practice; and

"5. Evidence that restitution to Ms. Ferguson in the amount of $12,000 was paid by Mr. Copeland from monies borrowed against his life insurance policy.

"Based on the undisputed mitigating factors presented by the Respondent including a letter from Judge [E.] Newton Vickers and a letter approved by Hazel Ferguson, and the fact that as a result of the restitution there does not appear to have been any harm to a client, it is the unanimous recommendation of the panel that the Respondent be publicly censured by the Supreme Court for each violation."

We adopt the panel's recommendation.

We order that Malcolm L. Copeland be, and he is hereby, disciplined by public censure in accordance with Supreme Court Rule 203(a)(3) (1991 Kan. Ct. R. Annot. 143) for his violations herein.

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that the costs of the proceeding be assessed to the respondent.

Dated this 17th day of January, 1992.