No. 69,229

In the Matter of CHARLES S. SCOTT, JR., *Respondent.*

(853 P.2d 60)

Opinion filed May 28, 1993.

*Martha M. Snyder,* deputy disciplinary administrator, argued the cause, and *Bruce E. Miller,* disciplinary administrator, and *Paula B. Martin,* former deputy disciplinary administrator, were on the formal complaint for the petitioner.

*Charles S. Scott, Jr.,* appeared pro se.

*Per Curiam*: This is an original proceeding in discipline filed by the Office of the Disciplinary Administrator against Charles S. Scott, Jr., an attorney admitted to the practice of law in Kansas.

The complaint filed against respondent alleged violations of MRPC 1.1 (1992 Kan. Ct. R. Annot. 244) (competence), 1.3 (1992 Kan. Ct. R. Annot. 248) (diligence), and 1.15 (1992 Kan. Ct. R. Annot. 281) (safekeeping property).

Respondent and the Disciplinary Administrator stipulated to the facts and that respondent's conduct in handling his mother's estate and in responding to court directives constitutes a violation of MRPC 1.1, 1.3, and 1.15.

The matter was submitted to a panel of the Kansas Board for Discipline of Attorneys. The panel found that "[t]he nature of complaints against the Respondent are those as set out in the formal complaint on file herein and as stipulated to by the Respondent, and the same are adopted for this formal hearing report as if fully set out herein." The facts as set out in the complaint and stipulated to by respondent are as follows:

"2. On December 15, 1989, Mr. Scott's mother, Louise Scott, died. Mr. Scott filed a Petition for Issuance of Letters of Administration on December 20, 1989, requesting that he and his sister, Debra Scott, be appointed co-administrators of the estate. They were appointed by Order dated December 20, 1989.

"3. A Notice to Creditors was published for three (3) consecutive weeks beginning December 22, 1989, advising creditors that they had six (6) months to filed their claims against the estate.

"4. The following claims [totaling $4,517.91] were filed against the estate . . . .

"5. On December 20, 1990, Judge Frank Yeoman mailed a Notice and Order for Settlement to Mr. Scott directing that the estate be closed in thirty (30) days or that an Extension of Time in Filing an Accounting be obtained.

"6. No action was taken by Mr. Scott and on March 20, 1991, Judge Yeoman issued an Order to Show Cause directing Mr. Scott to appear on April 17, 1991. Mr. Scott appeared and the matter was continued to May 15, 1991.

"7. On May 15, 1991, Mr. Scott failed to appear. Judge Yeoman continued the case to June 19, 1991. On June 19, 1991, Mr. Scott again failed to appear.

"8. Judge Yeoman issued an Order to Show Cause directing Mr. Scott to appear on July 17, 1991. On July 17, 1991, Mr. Scott filed an Inventory and Valuation showing cash assets of $91,207.66 and real estate valued at $12,000.00. A Petition for Final Settlement was also filed which indicated the claims against the estate were unpaid. The Accounting attached to the Petition for Final Settlement as Exhibit A showed that all cash had been distributed to Mr. Scott and Debra Scott. The matter was set for hearing on August 22, 1991.

"9. At Mr. Scott's request the hearing on the Petition for Final Settlement was continued to September 19, 1991, on which date he failed to appear.

"10. Judge Yeoman wrote to Mr. Scott on July 23, 1991, directing him to contact the court immediately to set a new hearing date and to give the required notice. On September 20, 1991, having received no response from Mr. Scott, Judge Yeoman issued a Notice of Final Settlement Due. No action was taken by Mr. Scott.

"11. On January 21, 1992, Judge Yeoman issued a Notice of Hearing setting the matter for February 10, 1992, and requiring the co-administrators to appear and produce all records pertaining to the estate.

"12. On February 10, 1992, Mr. Scott and Ms. Scott appeared. Each stated that all cash assets of the estate had been distributed [w]ithout court authority and without satisfying the claims of the creditors. Mr. Scott offered to resign and the Letters issued to him were revoked.

"13. The balance in the estate checking account at Merchants National Bank was insufficient to cover the claims of the creditors beginning November 2, 1990.

"14. The claim of Ed Marling's Store was satisfied and a receipt [was] signed on April 15, 1992. The remaining creditors were paid in November of 1992. The estate remains open under the administration of Debra Scott who is represented by the law office of Joseph D. Johnson, Chartered."

The panel concluded by clear and convincing evidence that respondent violated

"1. MRPC 1.1—in that Respondent has failed to provide competent representation to a client and has failed in the skill, thoroughness and preparation reasonably necessary for the representation to the client.

"2. MRPC 1.3—that Respondent has failed to act with reasonable diligence and promptness in representing a client.

"3. MRPC 1.15—in that the Respondent failed to hold property of a client in a separate account separated from the lawyer's own property."

The Office of the Disciplinary Administrator recommended public censure as appropriate punishment. The respondent has had no prior discipline from the Disciplinary Administrator and "has been fully and very cooperative with the Board in the investigation of the complaints against the Respondent."

Respondent filed no exceptions to the report of the panel. Respondent agreed with and stipulated to the recommendation that he be publicly censured.

The court, having considered the record herein and the report of the panel, accepts and concurs in the findings, conclusions, and recommendations of the hearing panel.

IT IS THEREFORE ORDERED that Charles S. Scott, Jr., be and he is hereby disciplined by public censure in accordance with Supreme Court Rule 203(a)(3) (1992 Kan. Ct. R. Annot. 153) for his violations of the Model Rules of Professional Conduct.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to respondent and that this order be published in the official Kansas Reports.