No. 98,536

In the Matter of DAVID R. ALIG, *Respondent*.

(169 P.3d 690)

Opinion filed October 26, 2007.

*Stanton A. Hazlett*, disciplinary administrator, argued the cause and was on the formal complaint for petitioner.

*John J. Ambrosio*, of John J. Ambrosio, Chartered, of Topeka, argued the cause for respondent, and *David R. Alig*, respondent, argued the cause pro se.

*Per Curiam*: This is an uncontested, original proceeding in discipline filed by the office of the Disciplinary Administrator against David R. Alig, an attorney licensed to practice law in the state of Kansas since April 1996. Previously, in 1979, Respondent was admitted to the practice of law in the state of Missouri. Alig's last registration address with the Clerk of the Appellate Courts of Kansas is Overland Park, Kansas.

The formal complaint as originally filed alleged Alig violated KRPC 1.1, 1.5, and 8.4. In his answer to the formal complaint, Respondent stipulated to violating these three rules. Near the conclusion of the panel hearing on this matter, the Disciplinary Administrator moved to amend the formal complaint to include a violation of KRPC 5.5. Respondent had no objection. The Disciplinary Administrator recommended published censure, and the Respondent concurred.

Based on its findings of fact and the stipulations of Respondent, the hearing panel concluded as a matter of law that Respondent violated four rules of professional conduct: KRPC 1.1 (2006 Kan. Ct. R. Annot. 358) (competent representation), KRPC 1.5(a) (2006 Kan. Ct. R. Annot. 401) (reasonable lawyer fees), KRPC 8.4(d) (2006 Kan. Ct. R. Annot. 510) (engaging in conduct prejudicial to the administration of justice), and KRPC 5.5(a) (2006 Kan. Ct. R. Annot. 494) (unauthorized practice of law). The panel recommended that Respondent be censured and that the censure be

published in the Kansas Reports. Respondent filed no exceptions to the panel's final hearing report.

The hearing panel made 20 separately numbered findings of fact which are reproduced in narrative form, as follows:

In October 2001, B.C. (decedent) died without a will. He was survived by his wife and his two adult daughters.

Respondent was retained to act as legal counsel for the estate in October 2001. At that time, Respondent met with the widow, two adult daughters, and the proposed administrators. The court appointed Joseph Schumacher to serve as the administrator of the estate.

At the time of his death, decedent owned property valued at approximately $4,000,000. The property included real estate, corporate stocks, partnership interests, and promissory notes. The property was located in Kansas and Missouri.

A number of decedent's assets passed on death to named beneficiaries. Other assets were held in joint tenancy with the right of survivorship. Additionally, decedent had established a special probate avoidance trust for his wife. Some of decedent's property, however, had to be distributed via probate.

Respondent informed the heirs and administrators that he would charge $175 per hour for his services. Additionally, Respondent informed the heirs and administrators that he would charge $85 per hour for his legal assistant's services. He told the heirs and the administrators that he expected to be paid monthly. Respondent did not reduce the agreement to writing either in the form of a written engagement letter or in a written fee agreement.

On November 27, 2001, Respondent filed the probate case in the District Court of Johnson County, Kansas.

On October 7, 2002, the Kansas Supreme Court suspended Respondent's license to practice law for failing to meet the continuing legal education annual requirements and for failing to pay the continuing legal education annual fee. Eventually, in December 2003, the court reinstated Respondent's license to practice law. Throughout the period of suspension, Respondent engaged in the practice of law by actively representing the estate.

John Michaels, attorney, assisted Respondent in his representation of the estate. Respondent and Mr. Michaels charged the estate a total of $168,896.52. Of that, nearly $100,000 was paid to Respondent. The fees were paid out over the course of the administration of the estate from late 2001 until early 2005. The attorney fees paid to Respondent and to Mr. Michaels were not presented to nor approved by the probate court.

Decedent and his wife had entered into a prenuptial agreement regarding her inheritance. Following decedent's death, his widow challenged the enforceability of the prenuptial agreement. The attorney fees charged by Respondent and Mr. Michaels included many charges for defending the prenuptial agreement.

In 2005, one of decedent's daughters retained an attorney to represent her. After she retained counsel, counsel informed the district judge, the Honorable Lawrence E. Sheppard, that Respondent had received attorney fees without court review or approval.

On June 21, 2005, Respondent and Mr. Michaels withdrew from their representation of the estate.

On August 2, 2005, the court considered the attorney fee matter. The court found that the administrator failed to obtain court approval for payment of attorney fees to Respondent and Mr. Michaels. The court terminated the administrator's appointment and replaced him with attorney Barry Martin.

On September 8, 2005, Judge Sheppard wrote to the Disciplinary Administrator's office and reported his concerns that the attorney fees paid to Respondent and Mr. Michaels were paid in violation of K.S.A. 59-1717.

On October 13, 2005, Mr. Martin wrote to Respondent and Mr. Michaels and requested that Respondent and Mr. Michaels repay the estate the amounts previously paid out to them as attorney fees. Mr. Martin requested that they return the fees previously paid to them so that the fees could be addressed as K.S.A. 59-1717 requires.

On October 21, 2005, Respondent provided a written response to Judge Sheppard's complaint. In his written response, Respondent stated that when he initially met with the heirs and the pro-

posed administrators, they agreed to pay Respondent from non-probate assets as statements were received. Respondent asserted that he researched whether he could be paid from non-probate assets during the administration of the estate and was unable to find a prohibition to such a fee agreement.

On October 26, 2005, Mr. Michaels complied with Mr. Martin's request by repaying the estate the attorney fees that were previously paid to him from the estate.

On January 9, 2006, Mr. Michaels entered into a settlement agreement with Mr. Martin regarding the attorney fees owed to Mr. Michaels. The attorneys for the other parties to the probate proceedings consented to the settlement agreement. Generally, Mr. Martin determined that Mr. Michaels was entitled to the attorney fees previously paid to him. On January 19, 2006, the court entered an order approving the terms and conditions of the settlement agreement regarding Mr. Michaels' attorney fees.

To date, Respondent has not repaid the attorney fees to the estate as requested by Mr. Martin.

At the hearing on this matter, Respondent testified that he has entered into a settlement agreement and has agreed to return $30,000 in attorney fees to the estate. Additionally, Mr. Schumacher has also agreed to return $30,000 to the estate.

Despite Respondent's statement that he was to be paid from assets outside the probate estate, all the fees that Respondent received were paid with probate assets, or non-probate assets that were contributed to the estate by the heirs, such that all of Respondent's fees were paid by the administrator through the estate account.

Based upon the Respondent's stipulations and its findings of fact, the hearing panel concluded as a matter of law that Respondent violated KRPC 1.1, KRPC 1.5(a), KRPC 8.4(d), and KRPC 5.5(a). The panel's conclusions are summarized, as follows:

KRPC 1.1 requires attorneys to provide competent representation to their clients. The rule states that competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation. Respondent demonstrated that he was not competent to represent the estate of Billy

Cobb when he failed to provide sufficient direction to the administrator or oversight of the administrator's actions as administrator and when he failed to seek review and approval of the attorney fees paid from the estate account. Respondent's prior experience did not include significant experience in probate matters to take on this complicated, contested case. Respondent should have realized that he was not competent to handle a probate case of this complexity shortly after he undertook representing the administrator. Accordingly, the hearing panel concluded that Respondent violated KRPC 1.1.

KRPC 1.5(a) requires an attorney fee to be reasonable. In probate cases, the court must review and approve the fees. In this case, Respondent never sought the court's review or approval for the attorney fees as required by statute. Additionally, Respondent has agreed to repay $30,000 in attorney fees to the estate. The panel noted that although the evidence of the unreasonableness of Respondent's fees did not rise to the level of the clear and convincing standard that must be met, Respondent stipulated that his fees were unreasonable and, based on his stipulation, the hearing panel concluded Respondent's fee was unreasonable, in violation of KRPC 1.5(a).

KRPC 8.4(d) states that it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice. In this case, Respondent engaged in conduct that is prejudicial to the administration of justice when he sought and obtained payment for attorney fees from the administrator of the estate without the court's review and approval. Because of Respondent's actions, the court had to conduct a hearing on this matter. To date, Respondent has not sought court approval for the attorney fees paid to him. As such, the hearing panel concluded that Respondent violated KRPC 8.4(d).

KRPC 5.5(a) states that a lawyer shall not practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction. At the hearing on this matter the Disciplinary Administrator acknowledged having overlooked the fact that Respondent was suspended from the practice of law between October 7, 2002, and December 2003, for failing to meet the con-

tinuing legal education annual requirements and for failing to pay the continuing legal education annual fee. The panel concluded that since Respondent was actively engaged in representing the administrator of the estate during this same period, a violation of KRPC 5.5 was established as a matter of law.

Regarding its recommended discipline, the panel considered the following factors based on the American Bar Association Standards for Imposing Lawyer Sanctions, stating:

"*Duty Violated.* Respondent violated his duty to the legal system to comply with the existing statutes.

"*Mental State.* Respondent negligently violated his duty.

"*Injury.* As a result of the Respondent's misconduct, Respondent caused actual injury to the estate."

### The panel found the following aggravating factors:

"*Prior Disciplinary Offenses.* Respondent has been previously disciplined on one occasion. On January 6, 2005, the Disciplinary Administrator informally admonished Respondent for having violated KRPC 5.5 and KRPC 8.4. In that case, Respondent practiced law for a period of 14 months while his license to do so was suspended.

"*A Pattern of Misconduct.* The Respondent's conduct in this case extended over the course of nearly four years. As such, the hearing panel concluded that Respondent engaged in a pattern of misconduct."

### The hearing panel found the following mitigating factors:

"*Absence of a Dishonest or Selfish Motive.* Dishonesty and selfishness were not motivating factors in this case.

"*The Present and Past Attitude of the Attorney as Shown by the Respondent's Cooperation During the Hearing and the Respondent's Acknowledgment of the Transgressions.* Respondent fully cooperated in the disciplinary process as exhibited by his complete acknowledgment of the misconduct.

"*Previous Good Character and Reputation in the Community Including any Letters from Clients, Friends, and Lawyers in Support of the Character and General Reputation of the Attorney.* Respondent is an active and productive member of the bar in Johnson County, Kansas. He enjoys the respect of his peers and clients and generally possesses a good character and reputation as evidenced by several letters received by the hearing panel.

"*Remorse.* At the hearing on the Formal Complaint, Respondent expressed genuine remorse."

### The panel also considered the following Standards:
Standard 4.53

"Reprimand is generally appropriate when a lawyer:

(a) demonstrates failure to understand relevant legal doctrines or procedures and causes injury or potential injury to a client; or

(b) is negligent in determining whether he or she is competent to handle a legal matter and causes injury or potential injury to a client."

The panel unanimously recommended published censure. Before this court, Respondent acknowledged he was not qualified to handle estate administration, particularly one of this magnitude.

We adopt the hearing panel's findings of fact and its conclusions of law. Further, we agree with the panel's recommended discipline of published censure.

IT IS THEREFORE ORDERED that David R. Alig be and he is hereby censured in accordance with Supreme Court Rule 203(a)(3) (2006 Kan. Ct. R. Annot 243) for violations of KRPC 1.1, KRPC 1.5(a), KRPC 8.4(d), and KRPC 5.5(a).

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to the Respondent and that this order shall be published in the official Kansas Reports.

DAVIS, J., not participating.

GREENE, J., assigned.