No. 107,314

In the Matter of STEPHEN W. FREED, *Respondent.*

(279 P.3d 118)

Opinion filed June 29, 2012.

*Stanton A. Hazlett,* Disciplinary Administrator, argued the cause and was on the formal complaint for the petitioner.

*Stephen W. Freed,* respondent, argued the cause pro se.

*Per Curiam:* This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against the respondent, Stephen W. Freed, of Manhattan, an attorney admitted to the practice of law in Kansas in 1985.

On June 23, 2011, the office of the Disciplinary Administrator filed a formal complaint against respondent alleging violations of the Kansas Rules of Professional Conduct (KRPC). The respondent filed an answer to the formal complaint on September 4, 2011. A hearing was held on the complaint before a panel of the Kansas Board for Discipline of Attorneys on October 6, 2011, at which the respondent was personally present and not represented by counsel. The hearing panel determined that respondent violated KRPC 1.1 (2011 Kan. Ct. R. Annot. 416) (competence); 1.3 (2011 Kan. Ct. R. Annot. 433) (diligence); 1.4(a) (2011 Kan. Ct. R. Annot. 452) (communication); and 1.15 (2011 Kan. Ct. R. Annot. 519) (safekeeping property).

Upon conclusion of the hearing, the panel made the following findings of fact and conclusions of law, together with its recommendation to this court:

## "FINDINGS OF FACT

. . . .

"6.   In December, 2008, [L.H.] died testate. In her will, she requested that the Respondent be appointed to serve as executor.

"7.   In February, 2009, [L.W.], Ms. [H.'s] nephew, provided the Respondent with the will and other documents and asked that the Respondent serve as attorney and executor for his aunt's estate. The Respondent agreed.

"8. The Respondent failed to return telephone calls and missed scheduled appointments with Mr. [W.]. The Respondent failed to file the will within the statutory time period. The Respondent lost the will and other documents provided by Mr. [W.]. Mr. [W.] provided the Respondent with completed tax returns to sign as fiduciary for the estate. The Respondent failed to file the tax returns.

"9. Mr. [W.] terminated the Respondent and retained new counsel, Joseph A. Knopp. Mr. Knopp sought and received permission to file the probate case out of time. The heirs under the will received their inheritance according to the provisions of Ms. [H.'s] will.

"10. As a result of the Respondent's misconduct, the distribution of the proceeds from Ms. [H.'s] estate were distributed approximately one year late.

## "CONCLUSIONS OF LAW

"11. Based upon the Respondent's stipulation and the above findings of fact, the Hearing Panel concludes as a matter of law that the Respondent violated KRPC 1.1, KRPC 1.3, KRPC 1.4, and KRPC 1.15, as detailed below.

"12. Lawyers must provide competent representation to their clients. KRPC 1.1. 'Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.' The Respondent failed to exercise the requisite thoroughness and preparation to effectively represent Ms. [H.'s] estate. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 1.1.

"13. Attorneys must act with reasonable diligence and promptness in representing their clients. See KRPC 1.3. The Respondent failed to diligently and promptly represent the estate of Ms. [H.]. The Respondent failed to file the will within the prescribed time period. Additionally, the Respondent missed scheduled meetings with Mr. [W.]. Finally, the Respondent's lack of diligence caused a one year delay in the distribution of the assets of Ms. [H.'s] estate. Because the Respondent failed to act with reasonable diligence and promptness in representing his client, the Hearing Panel concludes that the Respondent violated KRPC 1.3.

"14. KRPC 1.4(a) provides that '[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.' In this case, the Respondent violated KRPC 1.4(a) when he failed to return Mr. [W.'s] telephone calls. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 1.4(a).

"15. Lawyers must keep the property of their clients safe. See KRPC 1.15. In this case, the Respondent failed to properly safeguard his client's property when he lost Ms. [H.'s] will and the other documents provided by Mr. [W.]. Therefore, the Hearing Panel concludes that the Respondent violated KRPC 1.15.

## "AMERICAN BAR ASSOCIATION
## "STANDARDS FOR IMPOSING LAWYER SANCTIONS

"16. In making this recommendation for discipline, the Hearing Panel considered the factors outlined by the American Bar Association in its Standards for

Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"17.    *Duty Violated.* The Respondent violated his duty to his client to provide competent and diligent representation and adequate communication. Further, the Respondent violated his duty to his client to properly safeguard his client's property.

"18.    *Mental State.* The Respondent negligently violated his duties.

"19.    *Injury.* As a result of the Respondent's misconduct, the Respondent caused potential injury to his client.

"20.    *Aggravating or Mitigating Factors.* Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"21.    *Prior Disciplinary Offenses.* The Respondent has been disciplined on three separate occasions. First, on May 5, 1994, the Disciplinary Administrator informally admonished the Respondent for having violated KRPC 1.4, communication. Next, on January 20, 2004, the Respondent entered into the attorney diversion program, for having violated KRPC 1.1, competence, and KRPC 1.3, diligence. Finally, on May 28, 2006, the Disciplinary Administrator informally admonished the Respondent for having violated KRPC 1.3, diligence, and KRPC 1.4, communication.

"22.    *Multiple Offenses.* The Respondent violated KRPC 1.1, KRPC 1.3, KRPC 1.4, and KRPC 1.15. As such, the Hearing Panel concludes that the Respondent committed multiple offenses.

"23.    *Substantial Experience in the Practice of Law.* The Kansas Supreme Court admitted the Respondent to the practice of law in 1985. At the time the Respondent engaged in the misconduct, he had been practicing law for approximately 24 years. The [Hearing] Panel concludes that the Respondent has substantial experience in the practice of law.

"24.    Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following mitigating circumstances present:

"25.    *Absence of a Dishonest or Selfish Motive.* The Respondent's misconduct was not motivated by dishonesty or selfishness.

"26.    *Personal or Emotional Problems if Such Misfortunes Have Contributed to Violation of the Kansas Rules of Professional Conduct.* During the hearing on the formal complaint, the Respondent testified that in March 2010, his son passed away. The death of his son affected his ability to effectively practice law. The Hearing Panel concludes that the death of the Respondent's son mitigates the misconduct from March, 2010, forward.

"27. *Timely Good Faith Effort to Make Restitution or to Rectify Consequences of Misconduct.* At the time Mr. [W.] retained Mr. Knopp to file the probate case, the Respondent provided Mr. Knopp with a check for $1,500 to assist in covering the associated attorneys fees.

"28. *The Present and Past Attitude of the Attorney as Shown by His or Her Cooperation During the Hearing and His or Her Full and Free Acknowledgment of the Transgressions.* The Respondent stipulated to the facts as alleged in the formal complaint. Additionally, the Respondent stipulated that he violated the rules detailed in the formal complaint. As such, the Hearing Panel concludes that the Respondent accepted full responsibility for his misconduct.

"29. *Remorse.* The Respondent expressed genuine remorse at the hearing on the formal complaint.

"30. *Remoteness of Prior Offenses.* The misconduct which occurred in 1994 is remote in time, however, it is not remote in character.

"31. In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered the following Standards:

'4.12 Suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client.

'4.13 Reprimand is generally appropriate when a lawyer is negligent in dealing with client property and causes injury or potential injury to a client.

'4.42 Suspension is generally appropriate when:

. . . .

(b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

'4.43 Reprimand is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client.

'8.3 Reprimand is generally appropriate when a lawyer:

. . . .

(b) has received an admonition for the same or similar misconduct and engages in further acts of misconduct that cause injury or potential injury to a client, the public, the legal system, or the profession.'

## "RECOMMENDATION

"32. The Disciplinary Administrator recommended that the Respondent be suspended for three months. The Disciplinary Administrator also recommended that the Respondent have a psychological evaluation, comply with any recommendations made by the evaluator, successfully complete a law office management course, actively participate with the Kansas Lawyers Assistance Program, and locate a practice supervisor. The Disciplinary Administrator recommended that the Respondent provide proof of compliance with the conditions prior to seeking reinstatement from the three month suspension.

"33.   The Respondent filed a request to be placed on probation. Additionally, the Respondent requested that he not be suspended from the practice of law.

"34.   When seeking probation, Respondents must comply with Kan. Sup. Ct. R. 211(g). That rule provides, in pertinent part, as follows:

'(1) If the Respondent intends to request that the Respondent be placed on probation for violating the Kansas Rules of Professional Conduct or the Kansas Supreme Court Rules, the Respondent shall provide each member of the Hearing Panel and the Disciplinary Administrator with a workable, substantial, and detailed plan of probation at least ten days prior to the hearing on the Formal Complaint. The plan of probation must contain adequate safeguards that will protect the public and ensure the Respondent's full compliance with the disciplinary rules and orders of the Supreme Court.

'(2) If the Respondent provides each member of the Hearing Panel and the Disciplinary Administrator with a plan of probation, the Respondent shall immediately and prior to the hearing on the Formal Complaint put the plan of probation into effect by complying with each of the terms and conditions of the probation plan.'

The Respondent failed to file his request for probation timely. Additionally, the plan is not workable, substantial, or detailed. Finally, the Respondent failed to put the plan of probation into effect. As such, the hearing panel concludes that the Respondent's plan of probation fails to meet the requirements of Kan. Sup. Ct. R. 212(g)(1).

"35.   Based upon the findings of fact, conclusions of law, and the Standards listed above, a majority of the Hearing Panel recommends that the Kansas Supreme Court censure the Respondent and that the censure be published in the Kansas Reports. The majority further recommends that the Respondent comply with the following conditions:

'a. The Respondent shall undergo a complete psychological evaluation by a psychologist or psychiatrist of the Disciplinary Administrator's choosing. The Respondent shall comply with any recommendations contained in the evaluation.

'b. Assuming Mr. Knopp continues to be willing, Mr. Knopp shall be appointed the Respondent's practice supervisor. Mr. Knopp shall provide the Disciplinary Administrator with quarterly reports regarding the Respondent's practice. Mr. Knopp shall immediately report any irregularities in his practice or violations of the Kansas Rules of Professional Conduct to the Disciplinary Administrator. Mr. Knopp shall assist the Respondent in law office management issues. Mr. Knopp's supervision shall continue for a period of two years.

'c. The Respondent shall successfully complete a course in law office management.

'd. The Respondent shall [enter] into a monitoring agreement with the Kansas Lawyers Assistance Program and comply with the terms and conditions of the agreement.

'e. The Respondent shall limit his practice to exclude all probate cases. If the Respondent currently has any probate cases, the Respondent shall inform his client(s) in writing that he is no longer permitted to provide representation in probate cases and the Respondent shall attempt to find an attorney to take over the representation, subject to the approval by the client(s).'

"Costs are assessed against the Respondent in an amount to be certified by the Office of the Disciplinary Administrator."

## "DISSENTING OPINION

"I am unable to agree with my colleagues on the discipline recommended to the Court. Respondent has admitted to the facts alleged in the Formal Complaint and that those facts constitute violations of KRPC 1.1 (competence), 1.3 (diligence), 1.4, (communication), and 1.15 (safekeeping of property.) While I am aware that the Court does not follow prior cases in determining discipline [*In re Leising,* 269 Kan. 162, 167, 4 P.3d 586 (2000)], I am fully aware that in cases similar to this the discipline has often been published censure. See, *e.g., In re Copeland,* 250 Kan. 283, 285, 823 P.2d 802 (1992); *In re Scott,* 253 Kan. 192, 853 P.2d 60 (1993) and *In re Alig,* 285 Kan. 117, 169 P.3d 690 (2007). In this case, however, we not only have the admitted violations, the Respondent in representing himself failed to timely answer the Complaint in this procedure and failed to submit a probation plan in accordance with Kan. Sup. Ct. R. 211(g) when a well prepared probation plan may well have been unanimously recommended by the Panel. While the majority in effect grants probation, I do not believe it appropriate to do so when the plan was not in effect at the hearing and was not submitted timely prior to the hearing in accordance with Rule 211(g). Further, I do not believe the plan submitted was sufficiently detailed and the majority has in effect prepared and proposed a different probation plan.

"Respondent's actions in his own defense, his admission of the violations, and the fact that there is a history of similar (although somewhat remote) violations lead me to conclude that our duty to the public requires something more than a 'go and sin no more' discipline. *ABA Standards for Imposing Discipline* Standard 7.2 calls for suspension when a lawyer knowingly engages in conduct that is a violation of a professional duty to a client that causes injury or potential injury to a client, the public or the legal system. In my view the Respondent's admitted failures fit those criteria. He knowingly did not return telephone calls or do the research to see if the law had changed on the time to offer wills since 1972 when the time was one year. I am also somewhat mystified by what Respondent's tragic loss of his son has to do with this case which is based on acts that occurred before that. The Respondent admitted that Ms. [H.'s] death occurred in December, 2008, and even under his belief that he had one year after death to probate the will, the damage to the clients was done before that untimely death.

"While I too believe the Respondent to be a good person who has suffered severe loss, upon consideration of the hard facts of this case I feel obligated to recommend that the Respondent be suspended for six months with leave to seek

reinstatement at any time he shows the Court that he has taken whatever action is appropriate to prevent what now appears to be a likely reoccurrence of his taking a case, not doing the necessary research to handle it competently, losing his client's property, or failing to appropriately communicate with clients. I do not have the qualifications to appropriately diagnose nor treat Respondent's problems in performing his work. But, as Respondent indicated at the hearing, Respondent knows of such resources as the Kansas Lawyers Assistance Program, mental health counseling, and the concerned, helpful members of the local bar that might accomplish the goal of making him able to practice again competently and productively. It is Respondent's obligation to seek out and use those resources available to help him and our obligation to protect the public until he has the opportunity and motivation to do so."

## DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. Attorney misconduct must be established by clear and convincing evidence. *In re Foster*, 292 Kan. 940, 945, 258 P.3d 375 (2011); see Supreme Court Rule 211(f) (2011 Kan. Ct. R. Annot. 334). Clear and convincing evidence is " 'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable." ' " *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009) (quoting *In re Dennis*, 286 Kan. 708, 725, 188 P.3d 1 [2008]).

In this case, respondent filed no exceptions to the hearing panel's final hearing report. Accordingly, the report's findings of fact are deemed admitted. Supreme Court Rule 212(c), (d) (2011 Kan. Ct. R. Annot. 352). Respondent was given adequate notice of the formal complaint, to which he filed an answer, and adequate notice of both the hearing before the panel and the hearing before this court. We conclude the hearing panel's findings are supported by clear and convincing evidence and adopt the panel's conclusions of law as well.

With respect to the discipline to be imposed, the panel's recommendation is advisory only and does not prevent the court from imposing different discipline. *In re Cline*, 289 Kan. 834, 846, 217 P.3d 455 (2009); Supreme Court Rule 212(f) (2011 Kan. Ct. R. Annot. 352). In this case, a majority of the hearing panel recom-

mended public censure, but one member dissented and urged a 6-month suspension. The Disciplinary Administrator's office argued for a 3-month suspension, as well as a psychological evaluation, compliance with any recommendations made by the evaluator, successful completion of a law office management course, active participation with the Kansas Lawyers Assistance Program, a practice supervisor, and proof of compliance with these conditions prior to seeking reinstatement. Respondent requested probation.

At oral argument before this court, the Disciplinary Administrator continued to urge a 3-month suspension with the same conditions as were sought before the hearing panel. Respondent appeared and requested probation. He admitted his violations of the Supreme Court Rules for attorney discipline and focused our attention on his efforts to change his law office management practices to avoid future problems, the insights received from his psychological evaluation, and the improvements made as a result.

After thoroughly reviewing the hearing panel proceedings, the court holds that a 6-month suspension is more appropriate for the reasons outlined by the dissenting hearing panel member and based further on respondent's continued procrastination in his dealings with this court and the Disciplinary Administrator following the hearing panel's report. The court notes respondent failed to provide the Disciplinary Administrator with the results of his psychological evaluation until just shortly before the oral argument, even though the report had been prepared months earlier. In addition, respondent submitted a proposed revised probation plan just minutes before the court convened to consider his case. These acts underscore the misconduct that led to the disciplinary complaint and weigh against the published censure with conditions recommended by the hearing panel majority. But with that said, the court also is encouraged by respondent's continued efforts toward rehabilitation and improved practice management. The court believes respondent should have an opportunity to be reinstated after the first 3 months of suspension as provided below.

## Conclusion and Discipline

IT IS THEREFORE ORDERED that Stephen W. Freed be suspended for 6 months from the practice of law in the state of Kansas, effective on the filing of this opinion, in accordance with Supreme Court Rule 203(a)(2) (2011 Kan. Ct. R. Annot. 280).

IT IS FURTHER ORDERED that respondent shall comply with Supreme Court Rule 218 (2011 Kan. Ct. R. Annot. 379).

IT IS FURTHER ORDERED that respondent may seek early reinstatement by motion to this court. Prior to filing this motion, respondent must have the Disciplinary Administrator's written approval of a 2-year probation plan with terms and conditions acceptable to the Disciplinary Administrator. The Disciplinary Administrator's written approval must be filed as an exhibit to respondent's motion for early reinstatement. Respondent may file a motion for early reinstatement any time after the first 3 months of his suspension.

IT IS FURTHER ORDERED that if respondent does not move for early reinstatement as provided above, or is denied early reinstatement, and then seeks reinstatement after the 6-month suspension period, respondent shall comply with Supreme Court Rule 219 (2011 Kan. Ct. R. Annot. 380).

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to the respondent and that this opinion be published in the official Kansas Reports.